IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-WR-71,024-02






EX PARTE MARVIN WHINERY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 23,562 IN THE 159/217TH DISTRICT COURT


FROM ANGELINA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault of a child (count two) and sentenced to thirty years' imprisonment, and
three counts of indecency with a child and sentenced to twenty years' imprisonment on count one
and fifteen years' imprisonment on both counts three and four. The Ninth Court of Appeals affirmed
his conviction. Whinery v. State, No. 09-04-86-CR (Tex. App.-Beaumont, delivered February 2,
2005). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by failing
to obtain all investigative reports, including an available Child Protective Services file regarding
their investigation into this matter. Applicant alleges that trial counsel was also ineffective for
failing to object to multiple instances of the prosecutor's comments regarding allegations against his
son after the trial court initially excluded such inquiry. Applicant also contends that his appellate
counsel failed to timely notify him of his right to file a pro se petition for discretionary review. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide both Applicant's trial and appellate counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed and that he had the right to file a pro se
petition for discretionary review. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 13, 2009

Do not publish